NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEIDY ONDINA ORELLANA-MEJIA;
CARLOS JAIR GOMEZ-ORELLANA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-70673

Agency Nos. A206-362-214
A206-362-215

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026**
Pasadena, California

Before: WARDLAW, DE ALBA, and TUNG, Circuit Judges.

Geidy Ondina Orellana-Mejia ("Orellana") and her son Carlos Jair Gomez-

Orellana ("Gomez"), natives and citizens of Honduras, seek review of a decision

by the Board of Immigration Appeals ("BIA") dismissing their appeal from an

Immigration Judge's ("IJ") denial of their applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.[1]

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *De Leon v. Garland*, 51 F.4th 992, 999 (9th Cir. 2022) (quoting *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review for substantial evidence the agency's adverse credibility determination, as well as its determination that a petitioner is not eligible for asylum, withholding of removal, or protection under CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Under the substantial evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted).

1.	Substantial evidence supports the agency's adverse credibility determination. The agency considered the "totality of the circumstances," and provided "specific and cogent reasons" to support its finding that Petitioners lacked credibility. *Shrestha*, 590 F.3d at 1042–43 (citation omitted). Gomez stated that he visited a psychologist after he got "beat up" in 2013, but he changed his story when the IJ questioned him about the fact that the psychologist's report showed only a date in 2007. Inconsistencies about when an event occurred may "call into

---

[1] Petitioners did not challenge the IJ's denial of their applications for asylum and CAT relief before the BIA or this court, and thus these claims are unexhausted and forfeited. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

2

question whether [the petitioner] actually experienced the problems" he alleges. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). Moreover, the IJ found that Gomez exhibited a change in demeanor when questioned about the inconsistencies in his testimony, and "[c]redibility determinations based on demeanor are given substantial weight." *Dong v. Garland*, 50 F.4th 1291, 1298 (9th Cir. 2022) (citation omitted). The IJ also explained that Gomez's introduction of a "fraudulent letter" supported an adverse credibility finding against Orellana, given that Petitioners offered their documents together, and there were omissions in Orellana's testimony. *See Shreshta*, 590 F.3d at 1040 ("[C]redibility determinations [are] made on the basis of the 'totality of the circumstances, and all relevant factors.'") (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

2. Even assuming Petitioners' credibility, substantial evidence supports the agency's denial of Petitioners' application for withholding of removal. Before the BIA and this court, Petitioners did not challenge the IJ's determination that their particular social groups ("PSGs") of "people who would make good crime targets or people who were approached by gang members for money" were not cognizable. Thus, this claim is unexhausted and forfeited. *See Umana-Escobar*, 69 F.4th at 550. We may not review Petitioners' PSG of "profitable Honduran business owners" because Petitioners failed to raise the PSG before the IJ and the BIA declined to consider it. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894 (9th

3

Cir. 2021) (The court is "permit[ted] . . . to consider only those issues that the petitioner properly raised before the agency.").

**PETITION DENIED.**[2]

---

[2] The motion for stay of removal, Dkt. 1, is denied.